| | | |
|---|---|---|
| HENRY FERGER | * | NO. 2024-CA-0540 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| HOUSE OF BLUES NEW ORLEANS RESTAURANT CORPORATION D/B/A HOUSE OF BLUES NEW ORLEANS, LIVE NATION WORLDWIDE, INC., AND ZURICH AMERICAN INSURANCE COMPANY | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-11424, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Karen K. Herman)

Julie Quinn
QUINN LAW, APLC
112 Founders Drive
Baton Rouge, LA 70810

    COUNSEL FOR PLAINTIFF/APPELLANT

Richard G. Duplantier, Jr.
Tyler J. Minick
Christopher G. Walker
GALLOWAY JOHNSON TOMPKINS BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, LA 70139

    COUNSEL FOR DEFENDANT/APPELLEE

                                **REVERSED AND REMANDED**
                                    MARCH 14, 2025

KKH
RLB
RML

In this trip-and-fall personal injury action, Henry Ferger ("plaintiff"), appeals the May 25, 2024 judgment[1] granting a motion for summary judgment in favor of House of Blues New Orleans Restaurant Corporation and Live Nation Worldwide, Inc. ("defendants"). For the reasons set forth below, we reverse and remand.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff instituted this litigation alleging that on November 10, 2018, while a patron at defendants' business establishment, he tripped over "an area which protruded into the entrance way" causing him to fall and injure his shoulder. Plaintiff maintains that he was unaware of the protrusion because the area was very dark. The petition further alleges that defendants were aware of the dangerous condition/defect, but failed to warn their guests and failed to remedy the hazardous condition.

---

[1] Following this Court's order directing the trial court to amend the March 25, 2024 judgment to correct certain decretal language issues pursuant to La. C.C.P. art 1918(A), an amended judgment was rendered December 2, 2024.

1

Defendants filed a motion for summary judgment asserting that there exist no genuine issues of material fact for trial, and that plaintiff is unable to meet his burden of proof under La. R.S. 9:2800.6 (Merchant Liability Statute) to show that defendants had actual or constructive notice of the alleged hazardous condition. In support of the motion, defendants attached the depositions of plaintiff and defendants' corporate representative, Abby Jones ("Ms. Jones").

Plaintiff opposed the motion for summary judgment arguing that defendants did not meet their initial burden pursuant to La. C.C.P. art. 966 to show that there are no questions of material fact, particularly regarding the sufficiency of the lighting in the area in question. In support of his opposition, plaintiff submitted excerpts from the same two depositions. Plaintiff asserts that Ms. Jones does not have personal knowledge of the incident or of the condition of the premises on the date in question because she was not employed by defendants at the time. Additionally, plaintiff has alleged that defendants acted in bad faith in their failure to preserve the video evidence from the date in question.

The matter was brought for hearing on February 23, 2024. Judgment was rendered on May 25, 2024, granting summary judgment in favor of defendants, dismissing plaintiff's action. The trial court found that plaintiff did not produce any objective evidence that creates a genuine issue of material fact as to whether defendants had actual or constructive notice of the protrusion, or of inadequate lighting in the area of the fall. Plaintiff's timely appeal followed.

*Assignments of Error*

Plaintiff contends that the trial court erred in: 1) failing to consider evidence and admissions from defendants that they were aware of the dangerous condition of a stairway which protruded into the walkway; 2) failing to sustain plaintiff's objection that the affidavit[2] of Ms. Jones was not based on any personal knowledge; 3) granting defendants' motion for summary judgment by making a credibility determination of Ms. Jones' testimony regarding the lighting on the night in question over that of plaintiff; and 4) determining defendants' motive and intent in their admission that they destroyed surveillance video of the conditions the night of plaintiff's accident.

## LAW AND ANALYSIS

*Summary Judgment Principles and Standard of Review*

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ...." La. C.C.P. art. 966(A)(2). It "is favored and shall be construed to accomplish these ends." *Id*. A trial court grants a motion for summary judgment if "[a]fter an opportunity for adequate discovery," the mover's "motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

As this Court reiterated in *LZM Props., LLC v. Priv. Connection Prop., Inc.*, 2023-0707, 0708, pp. 14-17 (La. App. 4 Cir. 4/25/24), 390 So.3d 861, 871-73:

---

[2] The record contains Ms. Jones' deposition testimony, not an affidavit.

On a motion for summary judgment, "[t]he burden of proof rests with the mover." La. C.C.P. art. 966(D)(1). "The party seeking summary judgment has the burden of proving there is no genuine issue of material fact." *Lepree v. Dorsey*, 2022-0853, p. 11 (La. App. 4 Cir. 8/11/23), 370 So.3d 1191, 1199 (quoting *Lirette v. Adams*, 2022-0552, 0553, p. 19 (La. App. 4 Cir. 1/31/23), 382 So.3d 122, 134–35). "A genuine issue is" defined as "a triable issue." *Id*. (quoting *Lirette*, 2022-0552, 0553, 382 So.3d at 135). More particularly, "an issue is genuine if reasonable persons could disagree" about it. Id. "[I]f on the state of the evidence," however, "reasonable persons could reach only one conclusion, there is no need for a trial on that issue." *Id*. A material fact is defined as one whose "existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery." *Id*. If a fact "potentially insure[s] or preclude[s] recovery, affect[s] a litigant's ultimate success, or determine[s] the outcome of the legal dispute," then it is a material one. *Id*. at pp. 12-13, 370 So.3d at 1199. A determination of "[w]hether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case because the applicable substantive law determines materiality." *Id*. at p. 13, 370 So.3d at 1199-1200. "[I]f the movant satisfies the initial burden," of proving that there is no genuine issue of material fact, then "the burden shifts to the party opposing summary judgment to present factual support sufficient to show he [or she] will be able to satisfy the evidentiary burden at trial." *Id*. (alteration in original) (quoting *Lirette*, 2022-0552, 0553, 382 So.3d at 135). If, however, "the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). Once "the motion has been made and properly supported," then "the burden shift[s] from the mover to the adverse party." *Lepree*, 2022-0853, p. 12, 370 So.3d at 1199 (quoting *Lirette*, 2022-0552, 0553, 382 So.3d at 135).

After the burden shifts, "the adverse party [must] produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1). In so doing, "[the] adverse party may not rest on the mere allegations or denials of his [or her] pleading, but his [or her] response, by affidavits or as otherwise provided ... , must set forth specific facts showing that there is a genuine issue for trial." La. C.C.P. art. 967(B). When "considering a motion for summary judgment, the trial court cannot make credibility determinations but must construe reasonable factual inferences in favor of the party opposing the motion, resolving all doubt in favor of the opponent." *Lepree*, 2022-0853, p. 13, 370 So.3d at 1200 (quoting

4

*Lirette*, 2022-0552, 0553, 382 So.3d at 135). If the party opposing the motion fails to establish the existence of a genuine issue for trial though, "summary judgment, if appropriate, shall be rendered against him [or her]." La. C.C.P. art. 967(B). When the party opposing the motion for summary judgment " 'fails to provide factual evidence sufficient to establish that he [or she] will be able to satisfy his [or her] evidentiary burden of proof at trial, there is no genuine issue of material fact' and summary judgment is appropriate." *Lepree*, 2022-0853, p. 12, 370 So.3d at 1199 (second alteration in original) (quoting *Lirette*, 2022-0552, 0553, 382 So.3d at 135).

If a party appeals the trial court's ruling on a motion for summary judgment, the "appellate court applies the de novo standard of review in examining the trial court's ruling" while utilizing "the same criteria that govern the trial court's determination of whether summary judgment is appropriate." *Id*. at p. 11, 370 So.3d at 1198-99 (quoting *Lirette*, 2022-0552, 0553, 382 So.3d at 134). That is, "appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law." *Id*. at p. 11, 370 So.3d at 1199.

*Merchant Liability*

La. R.S. 9:2800.6, which sets forth the standard for premises liability in actions against merchants, provides in pertinent part, as follows:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

### *Evidence Presented*

As stated above, the only evidence presented in support of and in opposition to defendants' motion for summary judgment is the deposition testimony of plaintiff and Ms. Jones.

Plaintiff explained in his deposition that on the date in question he was attending an event at the House of Blues' Foundation Room. When asked to explained what happened leading up to the accident, plaintiff stated:

> When I walked in the door -- well, we came off the street, so it was my friend Eddie, his wife and my wife, and we were walking in , a single line and we were walking to the back, and as we were walking I leaned over to see, you know, how much -- where we were going to, and when I did my foot hit the -it was like a step-up that I didn't see because it's very dark and I fell forward. And when I did, I reached out to catch myself and landed on my shoulder, and then my wife and them turned around because they heard me hit the ground and they asked me what happened and I was like, you know, I said I couldn't see anything in here. And I got up and then the guy -- I said, man, I said I can't believe it's this dark in here. I said, there's no light to see anything, and he didn't say anything.

When asked if he believed the lights were out, he explained:

> I can't say whether they were out. All I know is it was very dark. I mean, I don't know if you've been there, but it's a hallway and it's dark - very dark. The foundation, everything in there is dark. Like, upstairs, everything is just real dark. Like, I guess, I don't know if

they dim the lights, you know, for the setting, but it's just, you know, it's dark.

Plaintiff was asked if it was a stair on which he tripped. He responded:

I thought it was a stair. It was - you know, because when I looked, it was like a big step-up, and I even said, I can't believe y'all don't have this lit up so someone can see, because you don't see anything.

When asked if there was sunlight coming through, plaintiff stated:

I think there was a light above, but I said y'all should have this landing lit up. You know, if you have a step-up like this, they should have lights along the whole bottom of it to let you see what you're, you know, stepping onto.

Plaintiff further stated that he reported his fall to a manager, Brittany Roberts ("Ms. Roberts"), who prepared an incident report. We note that the incident report was referenced in the deposition testimony. However, it has not been made a part of this record.

Ms. Jones was deposed as defendants' corporate representative on November 8, 2022. She stated that she was the Director of the Foundation Room at the House of Blues from 2013, until August 2018. This incident occurred on November 10, 2018. Ms. Jones returned to her employment with defendants in 2021.

Ms. Jones acknowledged that she was not employed by defendants on the date of this incident, and did not investigate plaintiff's claim. She did not speak with any of the employees who were present at the time, including Ms. Roberts, the Director of Foundation Room Operations. Ms. Roberts left her employment sometime after 2018.

Ms. Jones did not know how many lights are on the ceiling in the area, but thought there were several. She did not know the type of lights, but knew some were on a dimmer. Regarding the step where plaintiff alleged to have tripped, Ms.

7

Jones stated that as long as she was employed by defendants, "there is a rope lighting on the first step along with a painted sign that says Watch Your Step." Finally, Ms. Jones explained that no photographs were taken in connection with the incident, and that the surveillance system in place at the time only held footage for thirty days. Thus, there is no video.

As previously stated, defendants, as the moving party, bear the burden on summary judgment to show there are no genuine issues of fact. La. C.C.P. art. 966(D)(1). Defendants predominantly rely on Ms. Jones' deposition testimony to support their position that they had no notice of any alleged defect on the premises and that the signage and lighting in the area of plaintiff's fall was sufficient. Defendants acknowledge that Ms. Jones was not in their employ at the time of the incident. However, they maintain that Ms. Jones had sufficient personal knowledge of the premises as she indicated that no changes occurred throughout her employment.

For purposes of defeating defendants' motion for summary judgment, plaintiff asserts that a material question of fact exists as to whether the area was sufficiently lit, enabling him to see the protruding step. Plaintiff testified emphatically that he could not see anything because the entire area, including the landing and the bottom step, was dark.

Defendants, on the other hand, presented no evidence of any kind regarding the lighting *on the date in question*. Moreover, it is evident that Ms. Jones did not have first-hand knowledge of the conditions present at the time of plaintiff's fall.

It is well established that circumstantial evidence may be used to defeat a motion for summary judgment. *Crosby v. Sahuque Realty Co., Inc.*, 2017-0424, p. 9 (La. App. 4 Cir. 12/28/17), 234 So.3d 1190, 1197 (citing; *Balthazar v. Hensley*

8

*R. Lee Contracting, Inc.*, 2016-0920, p. 16 (La. App. 4 Cir. 3/15/17), 214 So.3d 1032, 1044).  The Louisiana Supreme Court explained the use of circumstantial evidence as follows:

> In a civil case, the plaintiff's burden is to prove her case by a preponderance of the evidence. This burden may be met by direct or circumstantial evidence. If, as in this case, circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty. This does not mean, however, that it must negate all other ***possible*** causes.

*Lacey v. Louisiana Coca–Cola Bottling Co.*, 452 So.2d 162, 164 (La. 1984) (emphasis in original).

We recognize that the evidence presented by plaintiff in opposition to the motion for summary judgment is somewhat circumstantial.  However, considering plaintiff's deposition testimony, and the reasonable inferences therefrom to which he is entitled in summary judgment proceedings, we find that genuine issues of material fact remain as to the sufficiency of the lighting, and whether defendants had actual or constructive notice of the risk that poor lighting may have posed.  Considering these findings, we pretermit any discussion on plaintiff's spoliation of evidence claim.

**CONCLUSION**

Based on our *de novo* review of the record, we find that the trial court erred in granting summary judgment in favor of defendants.  Accordingly, we reverse the May 25, 2024 judgment (as amended on December 2, 2024), and remand for further proceedings.

**REVERSED AND REMANDED**

9